IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ALLSTATE INSURANCE COMPANY**
**and ALLSTATE INDEMNITY COMPANY**,                          CV 09-544-HU

              Plaintiffs,                                    OPINION AND ORDER

       v.

**MARTIN L. HUDLER, an individual;**
**CHARLES R. MARKLEY, an individual;**
**TYRONE CRUZE SR. and JACQUELINE**
**CRUZE, TRUSTEES OF THE TYRONE**
**CRUZE SR. and JACQUELINE**
**CRUZE FAMILY TRUST AGREEMENT**
**DATED MARCH 6, 1987**,

              Defendants.

**MOSMAN, J.**,

        On February 25, 2011, Magistrate Judge Hubel issued his Corrected Findings and

Recommendation ("F&R") (#60) in the above-captioned case recommending that:

1.  The Motion for Summary Judgment (#11) brought by Allstate Insurance Company and

    Allstate Indemnity Company (collectively "Allstate") be granted as to the duty to defend,

    and treated as withdrawn as to the duty to indemnify;

2.  Allstate's Motion to Strike (#35) be denied; and

3.  Charles Markley's Motion to Abstain (#40) be denied.

        Allstate, Mr. Markley, and Mr. Hudler filed objections (## 62, 66, and 68 respectively).

Neither party responded to the others' objections.

1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

**DISCUSSION**

Allstate objects to the F&R's finding that its duty to indemnify claim was withdrawn. (Allstate Objections (#62) 2.) Mr. Hudler objects to the F&R's findings regarding the business activities exception, estoppel, prejudice to the insured, and abstention. (Hudler Objections (#68) 2–9.) Mr. Markley incorporates by reference many of Mr. Hudler's objections, but separately objects that Allstate did not confer with him as required by Local Rule 7.1. (Markley Objections (#66).)

**I.    Allstate's Objections**

Allstate asks me to find that it has no duty to provide coverage for Mr. Hudler and Mr. Markley in the underlying case. Judge Hubel found that this argument was waived at oral argument. I give great weight to Judge Hubel's impression of what took place in his court. In

2 – OPINION AND ORDER

addition, because the issue is relatively straightforward and already fully briefed, I will address it

here as a matter of judicial economy and because I reach the same results on the merits that Judge

Hubel reached on waiver.

Allstate accurately points out that the duty to defend is broader than the duty to indemnify.

*Weber v. Chicago Title Ins. Co.*, 7 P.3d 714, 716 (Or. Ct. App. 2000). It then argues that because

there is no duty to defend, there cannot be any duty to indemnify.

Oregon courts have rejected this argument. "[T]he duty to indemnify is independent of the

duty to defend, and, even when the insurer does not have a duty to defend based on the allegations

in the initial complaint, the facts proved at trial on which liability is established may give rise to a

duty to indemnify, if the insured's conduct is covered." *N. Pac. Ins. Co. v. Wilson's Dist. Serv.,*

*Inc.*, 908 P.2d 827, 832 (Or. Ct. App. 1995) (internal quotations omitted). Without knowing what

facts will be proved at trial, I am unable to determine whether Allstate must provide any coverage.

Therefore I deny Allstate's Motion for Summary Judgment as to coverage, with leave to renew

once the facts are decided in state court.

## II.    Mr. Markley's and Mr. Hudler's Objections

Mr. Markley and Mr. Hudler have three objections. They argue: (1) the business activities

exception does not apply; (2) Allstate is estopped from withdrawing its defense; and (3) the court

should abstain from deciding any issues while the state court is hearing the merits of the

underlying suit.

### A.    *Business Activities Exception*

Mr. Markley objects to the F&R's finding that the business activities exception in the

policy eliminates Allstate's duty to defend in the underlying litigation.[1]  (Hudler Objections (#68)

---

[1] This objection was made as to all three policies, but I limit my discussion to Mr. Markley's personal umbrella policy
because the objection is irrelevant to the analysis of the other policies.   An insurance policy protects an insured from

2–3; F&R (#60) 21.) "The insurer has a duty to defend if the complaint provides *any basis* for

which the insurer provides coverage." *Ledford v. Gutoski*, 877 P.2d 80, 83 (Or. 1994) (en banc).

The business activities exception in the policy eliminates coverage for damage or injury

"arising out of the past or present business activities of an insured person." (Foley Affidavit Ex. B

(#13-3) 38 ¶ 12.) Because the complaint focuses only on business activities, the F&R found that

Allstate has no duty to defend.

Mr. Markley objects, arguing that the complaint is not limited to business activities.

Specifically, he argues that his visit to Reno with Pat Jay was not necessarily a business trip. There

the complaint alleges:

> "In the Spring – Summer of 2007 Hudler and Markley took Pat Jay, a real estate
> broker acting on behalf of Cruze, to three residential projects located in Reno,
> Nevada. They represented to Mr. Jay that Bridgeport developed two of the projects
> and had assisted in the design, entitlement and construction of the third project. Mr.
> Jay reported to Cruze that the projects were well designed and of high quality."
> (Foley Affidavit Ex. D (#13-5) ¶ 8.)

Mr. Markley argues that the purpose of this trip is ambiguous because it was nine months

before Mr. Cruze invested in the project, and because the complaint does not specifically allege it

was purely for business. Mr. Markley asks that I resolve this ambiguity in his favor.

All ambiguities in a complaint should be resolved in favor of coverage. *N. Pac. Ins.*, 908

P.2d at 830. However, Mr. Markley has not established any ambiguity. The plain language of the

complaint discusses only business activities. Even the section Mr. Markley points to says that Mr.

Jay was "acting on behalf of Cruze," which undermines any suggestion that the trip was for social

---

harm when, first, the policy provides coverage for that harm, and, second, the harm is not excluded by an exception.
The F&R found that the other two policies do not provide coverage for the harm as an initial matter.   Specifically, the
F&R found that there was no "bodily injury" or "property damage" under the policies, and no "personal injury" under
the umbrella policy. (F&R (#60) 14–15.)   Because there is no coverage as an initial matter, there is no need to
consider exceptions for that coverage.   Mr. Markley and Mr. Hudler have not objected to the F&R's finding that there
is no coverage as an initial matter, so I am relieved of my duty to review it. *See Thomas*, 474 U.S. at 149; *Reyna-Tapia*,
328 F.3d at 1121.

4 – OPINION AND ORDER

or personal purposes. I adopt the reasoning in the F&R. (F&R (#60) 21–24.) Because the

complaint unambiguously relates to business activity, Allstate has no duty to defend.

### B.     *Estoppel*

Mr. Markley and Mr. Hudler argue that Allstate is estopped from withdrawing its defense

because Allstate's reservation of rights letter was inadequate.

"Even though the insurance contract does not require the insurance company to defend,

once the company has commenced its representation of the client it cannot withdraw if such

withdrawal would prejudice the client." *United Pac. Ins. Co. v. Pac. Nw. Research Found.*, 593

P.2d 1278, 1280 (Or. Ct. App. 1979). A valid reservation of rights letter establishes that the insured

will not suffer prejudice. *Id.*

Mr. Markley claims that the reservation of rights letter Allstate sent him is inadequate

because of a typo in the name of the case in the body of the letter. For the reasons stated in the

F&R, I find that Allstate's reservation of rights was adequate, so Mr. Markley cannot claim to

suffer prejudice.

Mr. Hudler claims that the reservation of rights letter sent to him was inadequate because it

was sent by Allstate *Insurance* Company, rather than Allstate *Indemnity* Company. He argues that

because these are separate corporate entities he was not put on notice that Allstate was reserving its

rights. I reject this argument.

### C.     *Abstention*

Mr. Markley and Mr. Hudler ask the court to abstain from hearing this case, arguing that it

should be handled in the state court action. The F&R does an excellent job explaining the law and

discussing the appropriate factors, which I will not repeat here.

I will just add that the concerns in the cases cited in the objection are not applicable. The

strongest case in the objections is *American National Fire Insurance Co. v. Hungerford*, 53 F.3d

5 – OPINION AND ORDER

1012 (9th Cir. 1995), *overruled on other grounds by Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc). There the court was concerned that both the federal court and the state court would have to find the same set of facts, which could lead to a contradiction.

In this case I have been asked to determine whether there is a duty to defend and whether there is coverage. Under Oregon law the duty to defend is settled by looking only at the complaint and the insurance policy. *N. Pac. Ins.*, 908 P.2d at 830.   I am not required to find whether the facts in the complaint are true—that's the state court's job—because the facts are assumed to be true for this issue. So for the duty to defend there is no risk of finding contradicting facts.

Determining whether there is coverage requires looking at the facts developed at trial. As stated above, I will not determine whether there is coverage until after the trial in state court, so there will be no risk of contradicting facts on the coverage issue, and the concerns described in *Hungerford* do not apply.

The objections also rely on *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 799 (9th Cir. 1995) *abrogated by Dizol*, 133 F.3d at 1225. The objections rely on a holding that is no longer good law. There the court looked for circumstances that warrant an exception to the "general rule" that the action belongs in state rather than federal court. *Karussos*, 65 F.3d at 799. The court never considered the factors required by *Dizol*. And *Karussos*' implication that insurance coverage cases generally belong in federal court is directly contradicted by *Dizol*'s guidance that "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225. Because the analysis in *Karussos* was supplanted by *Dizol*, I decline Mr. Markley's invitation to apply it here.

6 – OPINION AND ORDER

**D.**   *Local Rule 7.1*

Mr. Hudler asks that I deny Allstate's motion for failing to confer with him beforehand as required by Local Rule 7.1.   Courts may deny any motion that fails to meet this requirement. L.R. 7-1(a)(2).   Because Mr. Hudler seems to be difficult to contact, (*see* Notices of Mail Returned as Undeliverable (## 63, 64)), I will allow Allstate's motion.   For future motions, Allstate must comply with Local Rule 7.1 or submit a log showing their good faith efforts to comply.

## CONCLUSION

Upon review, I ADOPT Judge Hubel's F&R (#60) as stated above.   Allstate's Motion for Summary Judgment (#11) is GRANTED as to the duty to defend, and DENIED as to the duty to indemnify, with leave to renew after the state case has concluded or determined the relevant facts. Allstate's Motion to Strike (#35) is DENIED.   Mr. Markley's Motion to Abstain (#40) is DENIED.


IT IS SO ORDERED.

DATED this ___15th___ day of April, 2011.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

7 – OPINION AND ORDER